IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES L. SMITH,

                Plaintiff,

v.

RANDALL R. HEPP, JOHN J. MAGGIONCALDA,
JON E. LITSCHER, MARK SCHOMISCH,
and CANDACE WHITMAN,

                Defendants.

ORDER

18-cv-669-jdp

---

    Plaintiff James L. Smith, appearing pro se, is an inmate at Fox Lake Correctional Institution (FLCI). Smith is one of many prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. This case was closed along with claims brought by several other co-plaintiffs who brought claims only about the conditions of their confinement and not about the medical care that they received. Dkt. 31. Smith seeks to reopen his case with claims about harm that he has suffered from the contaminants. The court ordered him to submit an amended complaint explaining his claims about inadequate treatment of medical problems caused by the water. Dkt. 34.

    Rather than submit an amended complaint, Smith has filed a motion asking the court to order prison officials to send him to an outside medical provider to be examined or tested. Dkt. 35. I take him to be asking for preliminary injunctive relief, but Smith does not currently have an open case so I cannot consider his request. His current task remains to file an amended complaint (1) explaining what medical problems, if any, he has suffered from the contaminated water; (2) amending the caption to include the medical officials who he believes are responsible

for his medical problems; and (3) stating what each of those defendants did or failed to do that harmed him. I will grant Smith an extension of his deadline to submit an amended complaint.

Alternatively, if what Smith means is that he needs to be tested at state expense before he will be ready to submit an amended complaint, I would deny his motion as an improper discovery request. *See Brown v. United States*, 74 Fed. App'x. 611, 614–15 (7th Cir. 2003) (Federal Rule of Civil Procedure 35 ("Physical and Mental Examinations") "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself."). In another case involving prisoner claims about contaminated water at FLCI, the plaintiff sought testing at his own expense, and the state did not oppose plaintiff's motion for a court order. *See Stapleton v. Carr*, No. 16-cv-406, Dkt. 32 (plaintiff's unopposed motion for order to conduct blood test) and Dkt. 34 (court's order granting that motion). That's the route that Smith should take here: if he is willing to pay for his own examination, he should confer with opposing counsel to work out approval to be transported for that purpose or for testing to be done at the prison. *See Ivey v. Harney*, 47 F.3d 181, 186 (7th Cir. 1995) (under All Writs Act, 28 U.S.C. § 1651, court could order prison officials to allow outside physician to examine plaintiff inside prison).

ORDER

IT IS ORDERED that:

1. Plaintiff James L. Smith's motion for preliminary injunctive relief, Dkt. 35, is DENIED.

2. Plaintiff may have until November 8, 2021, to submit a proposed amended complaint.

Entered October 26, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge