IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES L. SMITH,

                Plaintiff,

v.

RANDALL R. HEPP, JOHN J. MAGGIONCALDA,
JON E. LITSCHER, MARK SCHOMISCH,
and CANDACE WHITMAN,

                Defendants.

OPINION and ORDER

18-cv-669-jdp

---

    Plaintiff James L. Smith, appearing pro se, is an inmate at Fox Lake Correctional Institution (FLCI). Smith is one of many prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. This case was closed along with claims brought by several other co-plaintiffs who brought claims only about the conditions of their confinement and not about the medical care that they received. Dkt. 31. Smith seeks to reopen his case with claims about harm that he has suffered from the contaminants. The court ordered him to submit an amended complaint explaining his claims about inadequate treatment of medical problems caused by the water. Dkt. 34.

    Smith has filed an amended complaint in which he alleges that he suffers from diabetes and high blood pressure and that FLCI medical personnel refused to issue him bottled water despite staff posting a memo stating that inmates suffering from health problems like his were at an increased risk of harm from the contaminated FLCI water. Dkt. 37. I take Smith to be saying that medical staff violated his Eighth Amendment rights by failing to give him bottled water, but to succeed on Eighth Amendment claims Smith must show that defendants' actions or inactions caused him to be injured. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). Smith

alleges that he was fearful that the water would harm him, but being exposed to a mere risk of harm—without actually incurring harm—is not enough to maintain a claim. *Id.* ("risk is not compensable without evidence of injury").

The only harm Smith says that he suffered was "stomach distress." Dkt. 37, at 2. This vague allegation alone is not enough to state an Eighth Amendment claim, which requires a plaintiff to show that prison officials consciously disregarded his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). Stomach distress often is not serious enough to support an Eighth Amendment claim. *See Riley El v. Godinez*, No. 13-C-5768, 2016 WL 4505038, at *11 (N.D. Ill. Aug. 29, 2016) (collecting cases), although whether a particular inmate can state a claim regarding gastrointestinal problems depends on the severity and length of their symptoms. Smith's vague allegations do not explain how often he suffers this distress or how severe it is. So I will not reopen the case. I will give Smith a final chance to submit an amended complaint explaining his medical problems and what each defendant did to disregard them.

ORDER

IT IS ORDERED that plaintiff James L. Smith may have until April 21, 2022, to submit an amended complaint.

Entered April 4, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge