IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES L. SMITH,

                Plaintiff,

v.                                             OPINION and ORDER

RANDALL R. HEPP, JOHN J. MAGGIONCALDA,           18-cv-669-jdp
JON E. LITSCHER, MARK SCHOMISCH,
and CANDACE WHITMAN,

                Defendants.

---

Plaintiff James L. Smith, appearing pro se, is an inmate at Fox Lake Correctional Institution (FLCI). Smith is one of many prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. This case was closed along with claims brought by several other co-plaintiffs who brought claims only about the conditions of their confinement and not about the medical care that they received. Dkt. 31. Smith seeks to reopen his case with claims about harm that he has suffered from the contaminants. The court ordered him to submit an amended complaint explaining his claims about inadequate treatment of medical problems caused by the water. Dkt. 34. I dismissed Smith's amended complaint for including only vague allegations that did not state claims against any defendant. Dkt. 40. I gave him a final chance to submit an amended complaint explaining his medical problems and what each defendant did to disregard them.

Smith has now filed a new amended complaint. Dkt. 41. Smith states that after he was transferred to FLCI in late 2014, he began to experience headaches, stomach pain, cramps, nausea, and bloody diarrhea. He believes that those symptoms were caused by the contaminated water. He wrote to defendants DOC Secretary John Litscher, Warden Randall

Hepp, Grounds Superintendent John Maggioncalda, Security Director Mark Schomisch, Health Services Unit Manager Candace Whitman, and other unidentified staff, asking for bottled water to drink, but none of the defendants provided him with it, even though they were aware that Smith suffered from high blood pressure and thus was at greater risk from the contaminants.

These allegations are sufficient for Smith to state an Eighth Amendment claim against defendant medical provider Whitman for ignoring the risk of harm that the contaminated water posed to his health by refusing his requests for different water. I will not allow him to proceed on Eighth Amendment claims against the non-medical officials he contacted. The question whether prison officials should have given different water specifically to inmates suffering from pre-existing conditions like high blood pressure is a medical question that non-medical officers weren't plausibly responsible for answering. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[T]he Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.").

Smith has also filed a motion for leave to proceed in forma pauperis, Dkt. 42, which I will deny as moot because he has already been granted leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that:

1. The May 19, 2020 judgment dismissing this case, Dkt. 32, is VACATED, and this case is REOPENED.

2. Plaintiff James L. Smith is GRANTED leave to proceed on an Eighth Amendment claim against defendant Candace Whitman.

3. Plaintiff's motion for leave to proceed in forma pauperis, Dkt. 42, is DENIED as moot.

4. The clerk of court is directed to set a preliminary pretrial conference before Magistrate Judge Stephen Crocker to set a schedule for the remainder of the case.

5. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered May 2, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge